**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 22, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



_____
**Arthur I. Harris
United States Bankruptcy Judge**

**Dated: July 22, 2009**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-15564 |
| | ) | |
| DAWN ZABOR, | ) | Chapter 7 |
|    Debtor. | ) | |
| | ) | Adversary Proceeding |
| LAUREN HELBLING, | ) | No. 08-1312 |
| TRUSTEE | ) | |
|    Plaintiff, | ) | Judge Arthur I. Harris |
| | ) | |
| v. | ) | |
| | ) | |
| DAWN ZABOR, *et al.*, | ) | |
|    Defendants. | ) | |
| | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on cross-motions for summary judgment of the plaintiff-trustee and the defendant-creditors Mortgage Electronic Registration Systems Inc. ("MERS"), HSBC, and Intervale Mortgage Corp. At

_____
[1] This Memorandum of Opinion is not intended for official publication.

issue is whether the trustee is entitled to avoid a mortgage because the notary's certificate of acknowledgment was not dated. For the reasons that follow, the Court holds that the execution of the mortgage was not defective. Accordingly, the defendants' motions for summary judgment are granted, and the trustee's motion for summary judgment is denied.

## FACTS AND PROCEDURAL BACKGROUND

The following facts are undisputed. The debtor, Dawn Zabor, is the owner of an undivided interest in real property located at 5914 Forest Avenue, Parma, Ohio 44129. On August 11, 2006, Intervale Mortgage Corp. extended a loan to debtor secured by the real property ("mortgage"). On September 27, 2006, HSBC acquired the mortgage.

On July 21, 2008, the debtor filed a petition under Chapter 7 of the Bankruptcy Code (Case # 08-15564). On October 21, 2008, the trustee of the Chapter 7 estate initiated an adversary proceeding seeking a determination of priorities against the debtor, HSBC, MERS, Intervale, and the Cuyahoga County Treasurer (Adv. # 08-1312). The complaint alleges three counts: (1) the mortgage is invalid because the notary clause is insufficient as a matter of law; (2) the mortgage is an avoidable preference due to the insufficient notary clause; and (3) the trustee is entitled to sell the property for the benefit of the estate.

2

On January 26, 2009, MERS filed its answer to the complaint (Docket # 13). On February 2, 2009, HSBC and Intervale filed their answer (Docket # 18). On March 16, 2009, MERS filed an amended answer (Docket # 25). Also on March 16, 2009, HSBC and Intervale filed a supplemental answer (Docket #26). In addition, the trustee and defendant Cuyahoga County Treasurer have stipulated that the treasurer has a valid lien on the real property for real property taxes and assessments (Docket #23).

Page thirteen of the mortgage contains the notary's certificate of acknowledgment, which is missing the date clause. (Mortgage at 13). The date does appear directly above the notary clause with the debtor's signature as well as on page one of the mortgage. Page thirteen provides in pertinent part:

3

***

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Executed this 11th day of      August, 2006           .

                                                /s/ Dawn M. Zabor
                                                **DAWN M. ZABOR**

[**Space Below This Line For Acknowledgment**]

State of OHIO
County of CUYAHOGA
    The foregoing instrument was acknowledged before me this                by **DAWN M ZABOR, A SINGLE WOMAN**.

(Seal)                                                        /s/ Joseph Mahoney
                                                         Notary Public
                                                         Typed or printed name: Joseph Mahoney

This instrument prepared by:
INTERVALE MORTGAGE CORPORATION
6200 OAK TREE BLVD, SUITE 260
INDEPENDENCE, OHIO 44131

                                                         [Notary Seal appears here]

***

The parties have now completed briefing on cross-motions for summary judgment, and the Court is ready to rule.

## JURISDICTION

Determinations of the validity, extent, or priority of liens are core proceedings under 28 U.S.C. § 157(b)(2)(K). The court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84,

entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment,

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In

5

determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

The "strong arm" clause of the Bankruptcy Code gives the bankruptcy trustee the power to avoid transfers that would be avoidable by certain hypothetical parties. *See* 11 U.S.C. § 544(a). Section 544 provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> . . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Any transfer avoided under this section is preserved for the benefit of the estate. *See* 11 U.S.C. § 551.

The mortgage contains a choice of law provision stating that the instrument "shall be governed by federal law and the law of the jurisdiction in which the Property is located." (Mortgage at 10). Therefore, because the real property at

6

issue is located in Ohio, the Court will apply Ohio law to determine whether the trustee may avoid the mortgage as a bona fide purchaser under 11 U.S.C. § 544(a)(3). *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir. 2001) (applicable state law governs determination whether hypothetical bona fide purchaser can avoid mortgage).

Under Ohio law, a bona fide purchaser is a purchaser who " 'takes in good faith, for value, and without actual or constructive knowledge of any defect.' " *Stubbins v. Am. Gen. Fin. Serv., Inc. (In re Easter)*, 367 B.R. 608, 612 (Bankr. S.D. Ohio 2007), *quoting Terlecky v. Beneficial Ohio, Inc.* (*In re Little Key*), 292 B.R. 879, 883 (Bankr. S.D. Ohio 2003); *see also Shaker Corlett Land Co. v. Cleveland*, 139 Ohio St. 536 (1942). The Bankruptcy Code expressly provides that a bankruptcy trustee is a bona fide purchaser regardless of actual knowledge. *See In re Zaptocky*, 250 F.3d at 1027 ("actual knowledge does not undermine [trustee's] right to avoid a prior defectively executed mortgage."). Therefore, the Court need only determine whether the trustee had constructive knowledge of the prior interest.

Ohio law provides that "an improperly executed mortgage does not put a subsequent bona fide purchaser on constructive notice." *Zaptocky*, 250 F.3d at 1028. The key question, then, is whether the mortgage was

7

properly executed.

*The Mortgage Was Properly Executed
in Accordance with Ohio Revised Code § 5301.01*

Ohio Revised Code § 5301.01, requires four separate acts to properly execute a mortgage: (1) the mortgage shall be signed by the mortgagor; (2) the mortgagor shall acknowledge his signing in front of a notary public, or other qualified official; (3) the official shall certify the acknowledgment; and (4) the official shall subscribe his name to the certificate of acknowledgment. Ohio Rev. Code § 5301.01(A) (2004); *see Drown v. GreenPoint Mortgage Funding, Inc. (In re Leahy)*, 376 B.R. 826, 832 (Bankr. S.D. Ohio 2007) (listing four requirements provided by Ohio Rev. Code. § 5301.01).[2] At issue in this case is the third required step and whether the certificate of acknowledgment attached to the MERS mortgage is sufficient under Ohio law.

Certification of an acknowledgment is governed by Ohio Revised Code

---

[2] In *Zaptocky*, the Sixth Circuit identified "three major prequisites for the proper execution of a mortgage: (1) the mortgagor must sign the mortgage deed; (2) the mortgagor's signature must be attested by two witnesses; and (3) the mortgagor's signature must be acknowledged or certified by a notary public." *Zaptocky*, 250 F.3d at 1024. The differences between *Zaptocky's* three requirements and *Leahy's* four requirements are (A) the deletion in *Leahy* of *Zaptocky's* second requirement – attestation by two witnesses – due to a change in the statute, and (B) the *Leahy* court's breaking down of *Zaptocky's* third requirement – certification of acknowledgment – into three separate parts.

8

08-01312-aih    Doc 42    FILED 07/22/09    ENTERED 07/22/09 12:23:32    Page 8 of 14

§§ 147.53-147.58. Ohio Revised Code § 147.53 provides:

> The person taking an acknowledgment shall certify that:
>
> (A) The person acknowledging appeared before him and acknowledged he executed the instrument;
>
> (B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

The Ohio Revised Code further provides that a certificate of acknowledgment is acceptable in Ohio if it is in a form prescribed by the laws or regulations of Ohio or contains the words "acknowledged before me," or their substantial equivalent. Ohio Rev. Code § 147.54. Ohio's statutory short form acknowledgment for an individual is as follows:

> State of _____
>
> County of _____
>
> The foregoing instrument was acknowledged before me this (date) by (name of person acknowledged.)
>
> (Signature of person taking acknowledgment)
> (Title or rank) (Serial number, if any)

Ohio Rev. Code § 147.55(A).

The trustee argues that the statutory short form of acknowledgment, described in § 147.55(A), implies that the lack of a date of acknowledgment

9

invalidates the mortgage. The trustee cites a bankruptcy proceeding from Kansas in which the bankruptcy court found that an undated notary clause invalidated a mortgage. *In re Androes*, 382 B.R. 805 (Bankr. D. Kan. 2008). The *Androes* case is distinguishable from the matter at hand because the Kansas statutory definition of notarial act requires the date to be listed in the acknowledgment clause. Kan. Stat. Ann. § 53-508. Kansas had also adopted the Uniform Law on Notarial Acts, listing the date as a requirement for a notarial certificate. Ohio has not. The Ohio provisions, which are based on the earlier Uniform Recognition of Acknowledgments Act, *see* Ohio Rev. Code § 147.58, do not contain an express requirement that the certificate of acknowledgment be dated. While there is a date clause in the short form of acknowledgment, the statute also states: "The authorization of the forms in this section does not preclude the use of other forms." Ohio Rev. Code § 147.55.

Besides the explicit clause in § 147.55 denying the preclusion of other forms, case law indicates that substantial compliance with § 5301.01 will serve as enough to validate a mortgage. *See In re Peed*, 403 B.R. 525, 534 (Bankr. S.D. Ohio 2009) ("Notwithstanding the omissions in an acknowledgment clause, a mortgage may otherwise substantially comply with § 5301.01 and thus be deemed valid."); *In re Roberts*, 402 B.R. 808 (Bankr. S.D. Ohio 2009) (absence of

10

the precise words "acknowledged before me" did not affect validity of acknowledgment); *In re Fryman*, 314 B.R. 137 (Bankr. S.D. Ohio 2004) (holding that a mortgage with defects was in substantial compliance with Ohio Rev. Code § 5301.01 and that the mortgage was valid). Substantial compliance is determined by the requirements set out in Ohio Rev. Code § 5301.01. The first requirement, that the mortgagor sign the mortgage, and the second requirement, that the mortgagor acknowledge the signing before a notary public, are not in question. The fourth requirement, that the notary subscribe his name to the certificate of acknowledgment, is also not in question. The third requirement, that the official certify the acknowledgment, is the only factor in question.

Pursuant to the statutory requirements of § 147.53, the debtor appeared before the notary public and acknowledged executing the instrument. It is not in question that the notary had satisfactory evidence that the debtor was acknowledging the mortgage. Thus, the requirements of § 147.53 have been met.

Section 147.54 states that provided the certificate of acknowledgment contains the phrase: "acknowledged before me," or a substantial equivalent, it shall be accepted. The mortgage in question contained the phrase "acknowledged before me" in the acknowledgment clause. Thus, the certification clause requirements are met on their face by the mortgage in question.

11

Mortgages that are missing a date have been held not to be defective. *See Citizens Home Sav. Co. v. Century Const. Co.*, 27 Ohio App.3d 245, 246, 500 N.E.2d 879, 880 (Ohio App. 1985) (holding that a mortgage lacking a date of notarization did not invalidate the mortgage) (citing *Mid-American Nat. Bank & Trust Co. v. Gymnastics Internat'l, Inc.*, 6 Ohio App.3d 11, 451 N.E.2d 1243 (Ohio App. 1982) (substantial compliance with Ohio Rev. Code 5301.01 serves to determine whether a mortgage is defective or not)). Ultimately, a missing date on an acknowledgment clause does not render a mortgage defective provided substantial compliance with the requirements of Ohio Rev. Code § 5301.01 has occurred.

Here, substantial compliance with the requirements of Ohio Rev. Code § 5301.01 occurred. The only part of § 5301.01 that is in question is whether the notary certified the acknowledgment. While the date is indeed a part of the short form of acknowledgment authorized under Ohio Rev. Code § 147.55, that section does not preclude the use of other forms. Nor does the absence of the date in the notary clause appear to contravene any of the other applicable provisions of Ohio Rev. Code §§ 147.53-147.58 or § 5301.01, particularly when the debtor's signature and date of execution appear directly above the notice of acknowledgment. *See In re Roberts* 402 B.R. at 815 (in light of the presumption

12

that notary public had properly performed her duties, court found "as an irresistible inference" that notary had met the § 147.53(B) certification requirement).  As a result, the trustee had constructive knowledge of the mortgage.  Thus, the defendants are entitled to summary judgment on Count One.

*The Mortgage Is Not an Avoidable Preference*

As a result of the validity of the mortgage, the plaintiff may not avoid the mortgage.  The mortgage was perfected on August 11, 2006.  Section 547 requires that the transfer occur within 90 days of the filing of the bankruptcy petition, which did not occur here as the petition was filed on July 21, 2008. 11 U.S.C. § 547(b)(4).  Additionally, there was a contemporaneous exchange of consideration because a security interest was granted in return for the loan proceeds.  Section 547(c)(1) indicates that such a contemporaneous exchange may not be avoided by the trustee.  11 U.S.C. § 547(c)(1).  The defendants are entitled to summary judgment on Count Two.

*Absent Invalidation of The Mortgage, The Trustee*
*Is Not Entitled to Sell The Property*

The trustee does not dispute HSBC's assertion that the debtor owes more on the mortgage loan than the property is worth.  Therefore, absent invalidation of the mortgage, the property is of inconsequential value to the estate, and the defendants are entitled to summary judgment on Count Three.

13

## CONCLUSION

For the reasons stated above, the Court holds that the certificate of acknowledgment in the mortgage at issue is not defective and the trustee may not avoid the mortgage. Accordingly, the defendants' motions for summary judgment are granted, and the trustee's motion for summary judgment is denied.

14